# STATE OF MICHIGAN

# COURT OF APPEALS

EARLE LACKIE and BOB CARR,

Plaintiffs-Appellants,

v

SECRETARY OF STATE,

Defendant-Appellee.

UNPUBLISHED
July 31, 2018

No. 344634
Ingham Circuit Court
LC No. 18-000391-PZ

Before: GADOLA, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Plaintiffs appeal by right the circuit court's order denying their emergency claim of appeal to overturn a decision by defendant. We affirm.

Plaintiff Earle Lackie seeks to be placed on the ballot as a Republican candidate for governor, and plaintiff Bob Carr seeks to be placed on the ballot as a Republican candidate for United States senator. They state that they each met with the Director of Elections and an election law specialist in April 2018 regarding alleged fraud perpetrated by petition signature collectors that they hired. Plaintiffs did not submit nominating petitions to the Secretary of State. Instead, purportedly following the advice of elections officials, they filed this action in circuit court, seeking to overturn defendant's "decision." The circuit court denied plaintiffs' requested relief, finding it had no authority to order defendant to place a candidate on the ballot without that proposed candidate having first filed the requisite petition and an affidavit of identity. We agree.

This matter involves the interpretation of provisions of the Michigan Election Law, MCL 168.1 *et seq*. In interpreting a statute, this Court's role is to determine and give effect to the Legislature's intent. *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 12; 896 NW2d 39 (2016). The language used in a statute is given its plain and ordinary meaning, and where it is clear and unambiguous, it must be applied as written without judicial construction. *Id*.

MCL 168.542 provides

[T]he printing of the name of any person as a candidate for nomination by any political party for any office . . . under the particular party heading upon the official ballots for any primary election held in this state shall be obtained by

-1-

following the provisions as set forth in the chapters of this act relative to the respective offices.

The placement of the name of a candidate for the office of governor is governed by MCL 168.53, and the placement of the name of a candidate for the office of United States senator is governed by MCL 168.93. Both require that nominating petitions, signed by a requisite number of qualified and registered electors, be filed with the Secretary of State on or before 4:00 p.m. on the fifteenth Tuesday before the August primary. MCL 168.53; MCL 168.93; MCL 168.551. Plaintiffs' nominating petitions were due on or before April 24, 2018. They readily admit they filed no nominating petitions.

Further, a candidate must file an affidavit of identity when filing a nominating petition. MCL 168.558(1). Plaintiffs, having failed to file nominating petitions, and also having failed to file the required affidavits of identity, as required by law, cannot be placed on the ballot.

MCL 168.550 states:

No candidate shall have his name printed upon any official primary election ballot of any political party in any voting precinct in this state unless he shall have filed nominating petitions according to the provisions of this act, and all other requirements of this act have been complied with in his behalf . . . .

Plaintiffs do not contend that they satisfied the statutory requirements for being placed on the primary ballot. MCL 168.550 expressly precludes the printing of their names on the primary ballot. Their requested relief must be denied.

Affirmed.

/s/ Michael F. Gadola
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello

-2-